UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

                                                         Civil Case No. 15-11566
v.                                               Honorable Linda V. Parker

DAVID P. KAISCH and
JULIE KAISCH,

    Defendants/Counter-Plaintiffs;

And

DAVID M. KAISCH,

    Intervening Plaintiff,

v.

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
<u>SUMMARY JUDGMENT [ECF NO. 25]</u>**

    This action involves a dispute over automobile insurance policy coverage.

On April 30, 2015, Plaintiff/Counter-Defendant IDS Property Casualty Insurance

1

Company ("Plaintiff" or "IDS") filed this action seeking declaratory relief against Defendants David P. Kaisch and Julie Kaisch (collectively "Defendants"). On September 14, 2015, Defendants' son, Intervenor David M. Kaisch ("Intervenor") filed a complaint against Plaintiff/Counter-Defendant IDS for their refusal to pay for collision damage arising out of an automobile accident that occurred on February 2, 2015. (ECF No. 16.)

Presently before the Court is Plaintiff's motion for summary judgment. (ECF No. 25.) Plaintiff requests that this Court issue an order rescinding Defendants' automobile policy to an appropriate date and state that Plaintiff is not obligated to pay benefits for any accidents after the appropriate date. (*Id.* at Pg ID 142.) In particular, Plaintiff requests that this Court find that Plaintiff does not owe Defendants any benefits from the November 5, 2014 automobile accident. (*Id.*)

Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is denying Plaintiff's motion.

## I. Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials."

Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.     Factual Background

The relationship between the parties began in 2002 when they entered into a contract for an automobile insurance policy for Defendants. (ECF No. 25 at Pg ID 108.) The insurance policy stated that Defendants resided at 8527 Alwardt Drive, Sterling Heights, Michigan 48313. (*Id.*) On July 24, 2012, Defendant David P. Kaisch contacted Plaintiff to inform them that Defendants were considering a move to Florida. (ECF No. 35 at Pg ID 929.) During that call, Plaintiff advised Defendant David P. Kaisch that it did not write any new insurance policies in Florida. (ECF No. 25 at Pg ID 109.) Plaintiff sent Defendants a nonrenewal notice after the call due to Defendants plan to move to Florida. (*Id.*) The letter states, in part:

> This action has been initiated because you have moved to a different state, and regulations require that we cancel coverage if a policyholder moves residency from one state to another.
> ….
> You have the statutory right within seven days from date of mailing to dispute this decision, should you have reason to believe this denial is improper.

(ECF No. 26-5 at Pg ID 310.) On August 23, 2012, Plaintiff alleges that Defendant David P. Kaisch contacted them to inform them that he was not moving

4

to Florida. (*Id.*) Plaintiff did not cancel the policy, relying on Defendant David P. Kaisch's statement that he was not moving. (ECF No. 25 at Pg ID 109.) Defendant David P. Kaisch testified at a later date that he does not recall either phone call with Plaintiff.[1] (ECF No. 30-2 at Pg ID 522-23.) He also testified that he never received the nonrenewal letter. (*Id.* at Pg ID 529-30.)

On May 10, 2013, Defendant David P. Kaisch contacted Plaintiff to submit a claim for one of his cars under his insurance policy. (ECF No. 25 at Pg ID 109.) Defendant informed Plaintiff that the damage occurred while on vacation in Florida. (*Id.*) A few months later, Defendants added a new vehicle to their automobile insurance policy—a 2000 Cadillac DeVille. (*Id.*)

On June 30, 2014, Defendant David P. Kaisch contacted Plaintiff to discuss changes to his homeowner's policy. (*Id.* at Pg ID 110.) In this call, Plaintiff alleges that Defendant "admitted to running a business, Seniors On The Go, right out of his house" and that "he was residing at the policy address in Michigan." (*Id.*; *see also* ECF No. 27-2 at Pg ID 334.)

On November 5, 2014, Defendant David P. Kaisch was involved in a car accident with the Cadillac DeVille, the vehicle he added to the policy in 2013. (ECF No. 25 at Pg ID 110.) The accident occurred in Sarasota, Florida. (*Id.*) One week later, Defendant David P. Kaisch submitted a claim for no-fault insurance

---

[1] Defendants' opposition brief admits that both phone calls did occur. (ECF No. 35 at Pg ID 929; *see also* ECF No. 35-2 at Pg ID 948.)

5

benefits with Plaintiff for the accident. (*Id.*) Soon after, Plaintiff began an investigation of Defendant's claim. (*Id.*)

The investigation included an Examination Under Oath of Defendants. Similar to a deposition, a representative for Plaintiff asked both Defendants questions about their time in Florida. Defendant David P. Kaisch admitted that he and his wife first operated a greeting card business in Sarasota, Florida from 2010 through March 2013. (ECF No. 30-2 at Pg ID 510.) In January 2014, Defendants created their next business, Seniors On The Go. (*Id.* at Pg ID 509-10.) When asked if Defendants lived in Florida full-time, Defendant David P. Kaisch denied this statement. (*Id.* at Pg 548.) Defendant David P. Kaisch stated that he and his wife try to spend "six months [in Florida] and six months back [in Michigan]." (*Id.* at Pg ID 516.) Defendant Julie Kaisch agreed with her husband during her Examination Under Oath. (*See* ECF No. 31-1 at Pg ID 576-78.) Defendants were unable to provide dates for their trips between Michigan and Florida. (*See id.*)

At the conclusion of the investigation, Plaintiff determined that Defendants resided in Florida, in violation of the Michigan automobile insurance policy. On April 29, 2015, Plaintiff sent a letter to Defendants rescinding their policy, with an effective end date of August 23, 2012. (ECF No. 30-1 at Pg ID 499.) In the letter, Plaintiff lists five alleged misrepresentations made by Defendants, leading to the rescission of the policy:

6

1. That you contacted IDS on July 24, 2012 to advise that you would be moving to Florida and that your wife Julie would be joining you within 6 months. At that time you were advised by IDS the company does not write policies in Florida. After receiving this information you then advised the company that you were not moving to Florida and that you were only thinking about it.

2. That on or about May 10, 2013, you had submitted a claim under your automobile policy. At that time you misrepresented to the company that you were on vacation in Florida, when you were actually residing there.

3. That while residing in Florida you purchased and operated two businesses, Djewels Marketing, Inc. d/b/a/ Greeting Card Outlet & Gifts and Seniors On The Go.

4. That Seniors On The Go is an active business and you have misrepresented to IDS the fact that you have utilized your personal vehicles in Florida for business purposes, which is a violation of the terms and conditions of the policy.

5. That you have continued to misrepresent that you are residing in Michigan when in fact your residence is located in Florida.

(*Id.* at Pg ID 499-500.) Plaintiff alleges that these misrepresentations constitute fraud and request that this Court grant summary judgment, finding that IDS properly rescinded Defendants' Michigan automobile insurance policy. (ECF No. 25 at Pg ID 142.)

In their opposition brief, Defendants do not dispute the above facts. Further, Defendants neither confirm nor deny that their residence is in Florida. (ECF No. 35 at Pg ID 930.) Instead, Defendants contend that this case turns on whether

7

Plaintiff has written new insurance policies in Florida since June 30, 2011. (ECF No. 35 at Pg ID 934.) Defendants argue that Plaintiff has failed to establish that it would not have continued automobile insurance coverage in Florida. (*Id.*) Defendants also allege that Plaintiffs are required to demonstrate that Defendants "actually intended to defraud the insurer." (*Id.* at Pg ID 938.)

Defendants emphasize that Plaintiff only stated that IDS did not write "new" business for automobile policies in Florida. (*Id.*) Defendants interpret this statement to mean their policy would not have been cancelled, because they had an existing policy in Michigan. (*See id.* at Pg ID 935.)

### III. Applicable Law & Analysis

Under Michigan law, a prima facie claim of fraud requires proof that:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made [the representation] with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury.

*Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. App. 2008). Under the Federal Rules of Civil Procedure, claims of fraud must be pled with particularity. Fed. R. Civ. P. 9(b). In order to satisfy the particularity requirement, a plaintiff must: (1) specify the alleged fraudulent statements; (2) identify the speaker; (3) state when

8

and where the statements were made; and (4) explain why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).

Plaintiff argues that all the elements of fraud have been satisfied. Defendant David P. Kaisch stated that he considered moving to Florida, but decided against it in the phone calls that took place on July 24, 2012 and August 23, 2012. (Compl. ¶¶ 8, 9.) This statement was untrue, because Defendants do reside in Florida for at least six months at a time. (ECF No. 30-2 at Pg ID 516.) When Defendant David P. Kaisch stated that he and his wife planned to stay in Michigan, he failed to state that Defendants were operating a greeting card business in Sarasota, Florida at that time and had been since at least 2010. (*Id.* at Pg ID 512.) Defendant David P. Kaisch stated he was no longer moving to Florida after Plaintiff stated they did not write new business for automobile policies in Florida and after mailing him a non-renewal notice. (Compl. ¶¶ 8, 9.) Plaintiff stated in their complaint that Defendants' residency in Florida "would have resulted in the policy not being written at all or cancelled, and that the 2000 Cadillac would not have been added to the policy[.]"[2] (Compl. ¶ 24.) Plaintiff has been injured by continuing to cover Defendants despite the automobile insurance policy being invalid. Plaintiff also incurred costs for investigating Defendants' claim for the November 2014

---

[2] The 2000 Cadillac DeVille was added to the policy on August 22, 2013 – almost a year after Defendant David P. Kaisch's statement that Defendants were no longer considering a move to Florida. (ECF No. 25 at Pg ID 109.)

9

accident, including conducting two Examinations Under Oath and hiring an investigator to determine whether Defendants lived in Florida.

In response, Defendants do not counter the facts. Rather, Defendants contend that Plaintiff has failed to demonstrate that when Defendant David P. Kaisch stated that he was no longer moving to Florida, that he made the statement with the intention that Plaintiff would act on it. Defendants argue that Plaintiff's assertion that IDS does not issue "new" business policies in Florida was unclear. (ECF No. 35 at Pg ID 936.) Defendants, therefore, felt that they would still be covered under their insurance policy if they relocated to Florida.[3] Because the question of Defendants' intent is at question, Defendants argue this issue must be decided by a jury. (*Id.* at Pg ID 935.)

Plaintiff directs the Court to *West v. Farm Bureau Mut. Ins. Co. of Michigan*, 259 N.W.2d 556 (Mich. 1977). In *West*, the Michigan Supreme Court found that "[w]here an insurance policy provides that an insured's concealment, misrepresentation, fraud, or false swearing voids the policy, the insured must have actually intended to defraud the insurer." *West*, 259 N.W.2d at 556. The *West* court relies on another Michigan Supreme Court case, which found that "[w]hether misrepresentations or false statements void an insurance policy depends upon the intent to defraud and this is a question of fact for the jury." *Bernadich v.*

---

[3] The Court recognizes that Defendants neither admit nor deny whether they have moved to Florida.

*Bernadich*, 283 N.W. 5, 8 (Mich. 1938); *see also Steele v. Great American Ins. Co.*, 850 F.2d 692 (finding that district court erred in granting summary judgment in insurance fraud case because "question of intent to defraud is for the jury"); *Auto-Owners Ins. Co. v. Tax Connection Worldwide, LLC*, No. 306860, 2012 WL 6049631 at *7 (Mich. Ct. App. Dec. 4, 2012).

Plaintiff argues that scienter is not required, citing *Lake States Ins. Co. v. Wilson*, 586 N.W.2d 113 (Mich. App. 1998). In *Lake States Ins. Co.*, the Court stated "[i]t is the well-settled law of [Michigan] that where an insured makes a material misrepresentation in the application for insurance, including no-fault insurance, the insurer is entitled to rescind the policy and declare it void ab initio." *Id.* at 115. In this lawsuit, Plaintiff did not allege that Defendants made a material misrepresentation in the application for insurance. The misrepresentation occurred nearly a decade after Defendants first obtained an automobile insurance policy with Plaintiff. The question of whether Defendants intended to misrepresent where they lived to Defendants is a question for the jury.[4]

**IV.    Conclusion**

Accordingly,

---

[4] Defendants also focus on the admissibility of 11 exhibits provided by Plaintiff in their motion for summary judgment. (ECF No. 35 at Pg ID 934.) This Court finds that these exhibits were unnecessary in reaching a decision and therefore declines to reach the question.

11

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 25) is DENIED.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 7, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 7, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
