UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

v.

                              Civil Case No. 15-11566
                              Honorable Linda V. Parker

DAVID P. KAISCH and
JULIE KAISCH,

      Defendants/Counter-Plaintiffs;

And

DAVID M. KAISCH,

      Intervening Plaintiff,

v.

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

      Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANTS'/COUNTER-PLAINTIFFS' (1) MOTION *IN LIMINE* (ECF NO. 47) AND (2) MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRE-AUGUST 23, 2012 STATEMENTS (ECF NO. 49)**

1

This action involves a dispute over automobile insurance policy coverage. On April 30, 2015, Plaintiff/Counter-Defendant IDS Property Casualty Insurance Company ("Plaintiff" or "IDS") filed this action seeking declaratory relief against Defendants David P. Kaisch and Julie Kaisch (collectively "Defendants"). On September 14, 2015, Defendants' son, Intervenor David M. Kaisch ("Intervenor") filed a complaint against Plaintiff/Counter-Defendant IDS for their refusal to pay for collision damage arising out of an automobile accident that occurred on February 2, 2015. (ECF No. 16.)

Presently before the Court are Defendants' Motions *in Limine*. (ECF Nos. 47 & 49.) Defendants request that this Court limit the introduction of evidence at trial to the two statements identified in paragraphs 7 and 9 of the Complaint. (ECF No. 47 at Pg ID 1097.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court denies Defendants' motions.

Paragraphs 7 and 9 of the Complaint state the following:

> That on July 24, 2012, Defendant, David P. Kaisch, contacted IDS to advise that he would be moving to Florida and that he would be taking his 2007 Dodge with him. He further notified IDS that his wife, Julie Kaisch, would be joining him in Florida within 6 months.
> . . . .
> That on July 24, 2012, Defendant, David P. Kaisch, contacted IDS to advise that he would be moving to

2

> Florida and that he would be taking his 2007 Dodge with
> him. He further notified IDS that his wife, Julie Kaisch,
> would be joining him in Florida within 6 months.

(ECF No. 1 at Pg ID 2.)

Defendants' position is that other than the two statements identified above, no other statements should be introduced at trial. Specifically, Defendants provide that the statements made during the Examination Under Oath and on May 10, 2013 and June 30, 2014 should be precluded because they were not identified in the Complaint. (ECF No. 47 at Pg ID 1105-06.) Further, Defendants argue that any statements made before August 23, 2012 be precluded. (ECF No. 49.)

As to the statements made prior to August 23, 2012, Plaintiff maintains that Defendants made statements as early as July 24, 2012 relating to their move to Florida from Michigan. (ECF No. 52 at Pg ID 1342.) The May 10, 2013 statement refers to Defendant David P. Kaisch contacting Plaintiff to submit a claim for one of his cars under his insurance policy, where he stated that his vehicle was damaged while vacationing in Florida. (ECF No. 40 at Pg ID 1037.)

The June 30, 2014 statement refers to a call Defendant David P. Kaisch made to Plaintiff to discuss changes to his homeowner's policy. (*Id.*) During that call, Mr. Kaisch allegedly "admitted to running a business, Seniors On The Go, right out of his house" and that "he was residing at the policy address in Michigan." (*Id.*)

On November 5, 2014, Defendant David P. Kaisch was involved in a car accident in Sarasota, Florida with the vehicle he added to the policy in 2013. (*Id.*) Following this accident, Plaintiff began an investigation of Mr. Kaisch's claim, which included an Examination Under Oath. (*Id.* at Pg ID 1038.) During the examination, Mr. Kaisch made a series of statements regarding his time in Florida, including operation of the Florida businesses and his residency. (*Id.*)

District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Despite Defendants' contentions, Plaintiff met its pleading requirement for fraud. The fact that Plaintiff may introduce additional statements does not change the Court's position. Further, Defendants' objections primarily are based on notice. However, Defendants were on notice of the statements and allowed to

respond, as well as defend against Plaintiff's statements in Defendants' response to Plaintiff's motion for summary judgment, which was over two years ago.

Furthermore, the statements are relevant to Plaintiff's claims, including the sequence of events, and the jury's determination as to whether Defendants intended to defraud Plaintiff. As stated in the Court's March 7, 2017 Opinion and Order, "[t]he question of whether Defendants intended to misrepresent where they lived to Defendants is a question for the jury." (ECF No. 40 at Pg ID 1043.) The statements all relate to the same policy and the communications Defendants made to Plaintiff while Plaintiff continued to provide Defendants with insurance coverage.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' motions *in limine* (ECF Nos. 47 & 49) are **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: August 16, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 16, 2018, by electronic and/or

5

U.S. First Class mail.

                                                                                    s/ R. Loury  
                                                                                    Case Manager